IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC WARE, Inmate #R-32516, and<br>YUMBA LASUMBA, Inmate #A-90725,<br><br>      Plaintiffs,<br><br>vs.<br><br>JASON GARNETT, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL NO. 04-925-JLF<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiffs Ware and Lasumba bring this action asserting various violations of their constitutional rights; each was an inmate in the Lawrence Correctional Center at the time they filed this action. This case is now before the Court for a preliminary review of the amended complaint (Doc. 34) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the amended complaint (Doc. 34) and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

### RELIGION CLAIMS

The primary focus of this action is an amalgamation of claims involving Plaintiffs' religious practices.  They allege that Defendants have denied them a Halal meal (¶ 1), a prayer rug (¶ 2), congregational prayer services (¶ 3), and religious head wear (¶ 9).  Lasumba alleges that he was allowed only 10 minutes to eat during Ramadan (¶ 5), while Ware states that he was forced to forego the Ramadan fast because the evening meal provided to Ramadan participants was nutritionally inadequate (¶ 10).  Lasumba is upset that his religious medallion was confiscated (¶ 4), while Ware contends that he should be allowed to teach Arabic to fellow Muslims (¶ 12).

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison."  *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases).  On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests."  *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987)).  Such interests include inmate security and the proper allocation of limited prison resources.  *See id.* at 348, 352-53; *Turner,* 482 U.S. at 90; *Al-Alamin,* 926 F.2d at 686.

Based on these standards, the Court is unable to dismiss these First Amendment claims at this point in the litigation.  *See* 28 U.S.C. § 1915A.

### OTHER CLAIMS

In addition to their claims regarding religion, Plaintiffs include several brief allegations regarding other incidents of prison life.  None of these claims rises to the level of a constitutional violation, as explained below.

Plaintiffs first contend that they are continuously subjected to the smell of their cell mates' feces, as their toilets flush every five minutes (¶ 6). The Court would think that a working, flushing toilet is a good thing; it is when the toilet does not flush that problems of stench typically arise. In any event, to state a constitutional claim regarding conditions of confinement in a prison, two elements are required. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* Neither of these requirements is met by Plaintiffs' brief statement, and this claim is dismissed from this action with prejudice.

Plaintiff Ware next complains about the $2.00 medical co-payment plan in the Illinois Department of Corrections (¶ 7). However, courts have consistently held that such a co-payment plan is not unconstitutional. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care). Therefore, Ware has failed to state a claim upon which relief may be granted, and this claim is dismissed from this action with prejudice.

Plaintiffs next complain that they are not provided with adequate jackets when they need to move between prison buildings in cold weather (¶ 8). Prisoners do have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation). In this case, Plaintiffs are upset because they get chilly when making the short walk to the dining hall or the medical facility, hardly sufficient to state a claim under the Eighth Amendment. Accordingly, this claim is also dismissed from this action with prejudice.

The I.D.O.C.'s website is the subject of the next claim (¶ 11). Apparently the website indicated, falsely, that the Lawrence Correctional Center was on some form of lock-down. Ware's family relied upon this information, and thus accused him of being a liar. The Constitution does not require that a website be accurate, nor does it provide Ware with a protected liberty interest in remaining free from his family's distrust; this claim is legally frivolous and is dismissed with prejudice.

Ware next complains that his incoming mail from the court clerk is not opened in his presence (¶ 13). However,

> with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how [the plaintiff] could be hurt if the defendant read these documents before or after [the plaintiff] does.

*Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987). *See also Stone-El v. Fairman*, 785 F.Supp. 711, 715-16 (N.D. Ill. 1991). Therefore, Ware's rights are not violated when official court mail is opened outside his presence, and this claim is dismissed from this action with prejudice.

Ware then alleges that he has been sexually harassed by Officer Ginder (¶ 14). Ginder is not named as a defendant in this action, so this claim is dismissed.

Ware has filed several grievances, but those grievances have not "accomplished any pertinent results" (¶ 15). However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). Therefore, this claim is dismissed.

Both Plaintiffs contend that they have not been given adequate access to the law library; they believe they should be allowed to visit the library at least once per week. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977

F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1002 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603. In this case, no detriment of any sort is alleged. Plaintiffs have failed to state a claim upon which relief may be granted, and this claim is also dismissed with prejudice.

Ware's final claim is that he was not allowed to shave before his photo was taken for his prison ID card. He feels that the photo is defamatory, as the general public can access that photo on the I.D.O.C.'s website. The Court is unaware of any constitutional right to have a flattering photo on one's ID card, even if that same photo appears on the internet. This claim is legally frivolous and is also dismissed with prejudice.

**OTHER AMENDED COMPLAINT (DOC. 32)**

On July 18, 2005, Ware filed a purported amended complaint in which he complains about a disciplinary action that arose on March 9, 2005, several months after this action was first filed. This amended complaint is not signed by both Plaintiffs, nor does it contain any of the allegations contained in the original complaint. Accordingly, this amended complaint (Doc. 32) is **STRICKEN** from the record. If Ware wishes to proceed with the claims contained in this document, he must do so in a separate lawsuit.

**DISPOSITION**

**IT IS HEREBY ORDERED** that all claims contained in paragraphs 6-8, 11, and 13-17 are

**DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **GARNETT** and **LOVE**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiffs, and sufficient copies of the amended complaint (Doc. 34) to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **GARNETT** and **LOVE** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the amended complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiffs are **ORDERED** to serve upon defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. They shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Each Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**
**DATED:  July 28, 2006.**

                                              *s/James L. Foreman*
                                              **DISTRICT JUDGE**